UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
PARALLAX HEALTH SCIENCES, INC.,           : Case No.:20-cv-2375
                                          : (LGS)(RWL)
    Plaintiff/Counterclaim Defendant      :
                                          :
    - against -                           :
                                          :
EMA Financial, LLC                        :
                                          :
    Defendant/Counterclaim Plaintiff      :
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO WITHDRAW AS COUNSEL

**The Law Offices of Barry M. Bordetsky**
Barry M. Bordetsky
570 Lexington Avenue, 24th Floor
New York, New York 10022
Tel: (212) 688-0008
*Attorneys for Plaintiff/Counterclaim*
  *Defendant, Parallax Health Sciences, Inc.*

**TABLE OF CONTENTS**

**INTRODUCTION**……………………………………………………………………………1

**PRELIMINARY STATEMENT**……………………………………………………….....1

**ARGUMENT**……………………………………………………………………………2

**POINT I**
THE RULES OF PROFESSIONAL CONDUCT AND LOCAL RULE 1.4 RELIEVE AN ATTORNEY OF RECORD BY ORDER OF THE COURT…………………………………2

**POINT II**
PARALLAX'S INABILITY TO PAY ITS LEGAL FEES AND EXPENSES ALONE CONSTITUTES SUFFICIENT GOOD CAUSE FOR PERMITTING WITHDRAWAL OF COUNSEL……………………………………………………………………………..3

**POINT III**
WITHDRAWAL OF COUNSEL WILL NOT PREJUDICE THE PARTIE………………...4

**CONCLUSION**…………………………………………………………………………….5

# TABLE OF AUTHORITIES

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
2011 U.S. Dist. LEXIS 16674 (S.D.N.Y. Feb. 17, 2011)……………………………………..6

*Cower v. Albany Law Sch. of Union Univ.,m HCC, Inc. v. R H & M Mach. Co.*,
005 US Dist LEXIS 13669 (SDNY July 7, 2005)……………………………………………6

*HCC, Inc. v. R H & M Mach. Co.*,
1998 US Dist LEXIS 10977 (SDNY July 20, 1998, 96 Civ. 4920 [PKL])……………...……6

*McGuire v. Wilson*,
735 F. Supp. 83 (S.D.N.Y. 1990)……………………………………………………………..6

*Quantum Servicing Corp. v. First Madison Servs. LLC*,
 2019 NY Slip Op 51022[U] (Sup Ct, Queens County 2019) …………………………………..7

*Stair v. Calhoun*,
722 F. Supp. 2d 538 (EDNY 2010) …………………………………………………………..6

*WABC-AM Radio, Inc. v. Vlahos*,
1992 US Dist LEXIS 14771 (SDNY Sep. 24, 1992, 89 Civ. 1645 [CSH]) ……………...…..6

*Whiting v. Lacara*,
187 F.3d 317 (2d Cir. 1999).………………………………………………………………….5

# APPLICABLE STATUTES

N.Y. Code of Professional Responsibility

N.Y. Rules of Professional Conduct, Rule 1.16

N.Y. State Bar Assoc. Comm. on Professional Ethics

## INTRODUCTION

Pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern District of New York, The Law Offices of Barry M. Bordetsky (the "Firm") counsel for plaintiff/counterclaim defendant, Parallax Health Sciences, Inc. ("Parallax" or "Plaintiff"), hereby respectfully submits this Memorandum of Law in Support of its Motion to Withdraw as counsel for the Plaintiff in the above-captioned matter and for all dates in the case, to be briefly adjourned pending the resolution of this motion in the event that this application is granted.

## PRELIMINARY STATEMENT

As set forth more fully in the declaration of Barry M. Bordetsky, Esq., (*See* "Declaration of Barry M. Bordetsky"), the Firm seeks leave to withdraw as counsel of record for Plaintiff on the grounds that: (1) Plaintiff is unable to provide payment for legal fees to move forward in the Litigation and (2) Plaintiff has constructively terminated the Firm's representation in this matter. Prior to making this motion, the Firm was advised by the Plaintiff that it does not have the financial resources to pay legal fees to pay outstanding invoices or fund the ongoing litigation.

The Firm has advised Plaintiff it is required to make a Motion to Withdraw on the grounds that Plaintiff has constructively terminated the Firm's representation, and the Firm is no longer authorized to represent the Plaintiff. Accordingly, the Firm respectfully requests that this Court and grant the Motion to Withdraw and enter an order: (a) authorizing the Firm to withdraw as counsel for the Plaintiff; and (b) staying all matters in this case for a reasonable time for Plaintiff to obtain new counsel. The Firm's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

# ARGUMENT

# POINT I

## THE RULES OF PROFESSIONAL CONDUCT AND LOCAL RULE 1.4 RELIEVE AN ATTORNEY OF RECORD BY ORDER OF THE COURT

Courts generally perform a two-step analysis in determining whether to permit counsel to withdraw from representing a party in a pending litigation. First, the Court must look to the Model Rules of Professional Conduct or other applicable rules of ethical conduct for attorneys to determine whether an attorney has established good cause for granting a leave to withdraw. *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999). Second, the court must analyze the anticipated impact of the requested withdrawal on the progress of the case, and whether the suit will be disrupted by a withdrawal. Id.

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . ." The New York State Rules of Professional Conduct permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees" and the rule continues to state that a lawyer shall withdraw from representation of a client when the lawyer has been discharged. N.Y. R. Prof. Conduct Rule 1.16.

In this case, Plaintiff has constructively terminated the Firm's representation indicating it will not pay past due invoices or fund this litigation. (See Declaration of Barry M. Bordetsky in Support of Withdrawal). Accordingly, the Motion to withdraw should be granted.

**POINT II**

**PLAINTIFF'S INABILITY TO PAY ITS LEGAL FEES AND EXPENSES ALONE CONSTITUTES SUFFICIENT GOOD CAUSE FOR PERMITTING WITHDRAWAL OF COUNSEL**

The New York Rules of Professional Conduct allow a lawyer to withdraw if a client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. R. Prof. Conduct Rule 1.16 (c)(5). The Second Department defined a "Deliberate Disregard" as follows:

> a client's non-payment of fees because of an inability to pay may in certain circumstances be deemed a "deliberate" breach of the client's obligation to counsel, and therefore, warrant permissive withdrawal from representation by counsel. Such withdrawal will be appropriate in a litigated matter only if the attorney has provided clear notice to the client of the attorney's desire to withdraw… and obtained permission from the tribunal to withdraw

*Stair v. Calhoun*, 722 F. Supp. 2d 258 (EDNY 2010)(quoting N.Y. State Bar Assoc. Comm. on Prof'l Ethics, Opinion number 598, at 2 (February 1, 1989)). In *Stair v. Calhoun*, Plaintiff's counsel presented satisfactory reasons for withdrawal and the Court granted the motion to withdraw due to factors including client's inability to pay. *Id.*

The Second Circuit acknowledged that when there is a deliberate disregard of financial obligations owed to the attorney and nonpayment of legal fees it "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83 (S.D.N.Y. 1990).

Similarly, in *Blue Angel Films Ltd v. First Look Studios, Inc.,* this Court has consistently found that the failure to pay legal fees is a legitimate ground for granting a motion to withdraw as counsel. *See* 2011 U.S. Dist. LEXIS 16674 (S.D.N.Y. Feb. 17, 2011). In *Blue Angel Films, Ltd v. First Look Studios, Inc.,* this Court held that, although there is no clear standard for what may be considered a "satisfactory reason" for allowing a withdrawal, non-payment of legal fees

is sufficient. *Id* at 3. *See* cases decided by this Court where nonpayment of legal fees is a legitimate ground and good cause to withdraw as counsel: *Cower v Albany Law Sch.*, 2005 US Dist LEXIS 13669 (SDNY July 7, 2005); *HCC, Inc. v RH & M Mach. Co.*, 1998 US Dist LEXIS 10977 [SDNY July 20, 1998, 96 Civ. 4920 (PKL)]; *WABC-AM Radio, Inc. v Vlahos,* 1992 US Dist LEXIS 14771 (SDNY Sep. 24, 1992, 89 Civ. 1645 ]CSH])

In this case, Plaintiff is unwilling to pay legal fees to further the litigation. Plaintiff has constructively terminated the Firm's legal representation. Id. For the foregoing reasons, this motion to withdraw as counsel should be granted.

## POINT III

**WITHDRAWAL OF COUNSEL WILL NOT PREJUDICE EITHER PARTY**

Neither party will be prejudiced by the Firm's withdrawal as counsel. Under Black's Law Dictionary, prejudice is defined as damage or injury resulting from action of another or judgment in disregard to one's rights' and "damage or detriment to one's legal rights." *Quantum Servicing Corp. v. First Madison Servs. LLC*, 2019 NY Slip Op 51022[U] (Sup Ct, Queens County 2019). At this stage of the litigation, discovery is still in its paper stages with interrogatories still to be served by Plaintiff, and no depositions have been taken. Withdrawal at this stage will not prejudice Plaintiff because discovery is still in its early stages and requests a stay of all matters for a reasonable period of time. Withdrawal from this matter will not cause substantial damage or be detrimental to the rights to either party. The Firm is not asserting a retaining or charging any lien and no prior application for this relief has been made.

## CONCLUSION

For the foregoing reasons, the Firm respectfully requests that the Court grant its motion to withdraw as counsel of record for the Plaintiff and this action be stayed for a reasonable amount of time for Plaintiff to engage new counsel.

Dated: October 7, 2020
      New York, New York

                Respectfully submitted,

                **The Law Offices of Barry M. Bordetsky**

                By: /s/ Barry M. Bordetsky
                Barry M. Bordetsky
                570 Lexington Avenue, 24th Floor
                New York, New York 10022
                Tel: (212) 688-0008
                *Attorneys for Plaintiff/Counterclaim*
                  *Defendant, Parallax Health Sciences, Inc.*