```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
PARALLAX HEALTH SCIENCES, INC.,          :   Case No.:20-cv-2375
                                         :   (LGS)(RWL)
        Plaintiff/Counterclaim Defendant :
                                         :
        - against -                      :
                                         :
EMA Financial, LLC                       :
                                         :
        Defendant/Counterclaim Plaintiff :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

## DECLARATION OF BARRY M. BORDETSKY
## IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Barry M. Bordetsky, an attorney duly licensed to practice law before this Court hereby declares, under penalty of perjury, the truth of the following:

1. I am the principal attorney of the firm The Law Offices of Barry M. Bordetsky (hereinafter the "Firm") attorneys for Plaintiff/Counterclaim Defendant, Parallax Health Sciences, Inc. ("Parallax"), and as such, am fully familiar with the facts and circumstances of the within action.

2. I was retained by Parallax to represent it in the subject action. The retainer was documented by a retainer agreement. The retainer set forth conditions of retention, including, but not limited to, the obligations of Parallax that included payment of an evergreen retainer, payment of legal fees, cooperation and an open line of communication with the Firm in the course of the representation.

3. I make this Declaration in support of this Firm's Motion to Withdraw as Counsel for Parallax.

4. I am requesting this Court grant my instant request to withdraw as counsel, pursuant to Local Rule 1.4.

5. Courts generally perform a two-step analysis in determining whether to permit counsel to withdraw from representing a party in pending litigation. First, courts must look to the Rules of Professional Conduct or other applicable rules of ethical conduct for attorneys for guidance on whether an attorney has established good cause for granting leave to withdraw. *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999). Second, the court must analyze the anticipated impact of the requested withdrawal on the progress of the case, and whether the suit will be disrupted by a withdrawal.

6. Parallax has constructively terminated the services of this Firm due to Parallax lacking the financial resources to pay the legal fees that are outstanding as well as those required to continue the litigation. Parallax further has constructively terminated the services of the Firm by failing to communicate with the Firm.

7. Prior to filing the instant motion the Firm sought to work with Parallax to resolve the issues requiring the instant motion, but such matters were not resolved.

8. Parallax has been given notice to this withdrawal.

9. Withdrawal will not prejudice the parties. The parties are in the midst of paper discovery, with no deposition taken place as of the date of this submission.

10. The Firm is not asserting a retaining or charging lien.

11. No prior application for this relief has been made.

12. Accordingly, on behalf of the Firm I respectfully request that:

   a. This Court grant the Motion to Withdraw and allow the Firm to withdraw as counsel for the Parallax;

   b. This action be stayed for a reasonable period of time for Parallax to engage new counsel.

Dated: New York, New York
October 7, 2020

Respectfully submitted,
**The Law Offices of Barry M. Bordetsky**

By: /s/ Barry M. Bordetsky
Barry M. Bordetsky
570 Lexington Avenue, 24th Floor
New York, New York 10022
Tel: (212) 688-0008
*Attorneys for Plaintiff/Counterclaim
 Defendant, Parallax Health Sciences, Inc.*