UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
PARALLAX HEALTH SCIENCES, INC.,                                :
                                          Plaintiff,           :
                      -against-                                :     20 Civ. 2375 (LGS)
                                                               :
EMA FINANCIAL, LLC,                                            :     ORDER
                                                               :
                                          Defendant.           :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 18, 2020, Plaintiff moved for preliminary injunctive relief, which the Court denied on March 25, 2020. (Dkt. Nos. 4, 13.)

WHEREAS, on April 10, 2020, Plaintiff filed the First Amended Complaint (the "FAC"). (Dkt. No. 19.)

WHEREAS, on May 7, 2020, Defendant filed an answer denying Plaintiff's claims, asserting affirmative defenses and advancing counterclaims. (Dkt. No. 23.)

WHEREAS, on July 20, 2020, Plaintiff filed its answer to Defendant's counterclaims. (Dkt. No. 38.)

WHEREAS, on October 7, 2020, Plaintiff's counsel filed a motion to withdraw, which Magistrate Judge Robert W. Lehrburger granted on October 23, 2020, and Plaintiff failed to retain new counsel. (*See* Dkt. Nos. 62, 65, 68.)

WHEREAS, on December 24, 2020, Defendant filed for default. (Dkt. Nos. 71-75, refiled on Dec. 28, 2020, Dkt. Nos. 76-82.)

WHEREAS, by the Default Judgment Order dated August 10, 2021, Defendant was granted judgment against Plaintiff as to the counterclaims and the FAC was dismissed with prejudice. (Dkt. No. 87.) Defendant's request for damages was referred to Judge Lehrburger for a post-default judgment inquest. (Dkt. No. 88.)

WHEREAS, on November 16, 2021, Plaintiff's new counsel filed a letter seeking to vacate the default judgment. (Dkt. No. 96.) Judge Lehrburger set a briefing schedule, and the motion was fully briefed on February 16, 2022. (*See* Dkt. Nos. 111-114.)

WHEREAS, on February 24, 2022, Judge Lehrburger issued a thirty-five-page Report and Recommendation (the "Report") recommending that Plaintiff's "motion to vacate the default be denied but that [Plaintiff] be given an opportunity to contest the amount of damages sought by EMA." (Dkt. No. 115.) In reaching this conclusion, the Report applied Nevada law to Plaintiff's potential defenses, as required by the relevant loan agreements. (*Id.* at 25-26.) In dicta, the Report concluded that, "even if New York law did apply" to Plaintiff's unconscionability argument, "Parallax's argument is misguided." (*Id.* at 26-27.)

WHEREAS, as stated in Judge Lehrburger's Report, the deadline for any objections was fourteen days from service of the Report.

WHEREAS, no objections were timely filed.

WHEREAS, on March 15, 2022, the Second Circuit issued a decision in *Adar Bays, LLC v. GeneSYS ID, Inc.*, No. 18-3023, 2022 WL 774514 (2d Cir. Mar. 15, 2022), which set forth answers provided by the New York Court of Appeals in response to two certified questions of New York law. As relevant here, the New York Court of Appeals held that "in assessing whether the interest on a given loan has exceeded the statutory usury cap, the value of the floating-price convertible options should be included in the determination of interest." 2022 WL 774514, at *2.

WHEREAS, on March 16, 2022, Judge Lehrburger issued an Order modifying the Report to withdraw a paragraph discussing whether the notes at issue were usurious under New York law. (*See* Dkt. No. 116 at 2 (withdrawing page 26 (paragraph beginning with "Second, even if New York law did apply . . .") to page 27 (end of first full paragraph)).) The remainder of the Report "remain[ed] as is and unaffected by *Adar Bays*." (*Id.*)

WHEREAS, no objections were timely filed to the March 16, 2022, Order modifying the Report.

WHEREAS, in reviewing a Magistrate Judge's report and recommendation, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A District Judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "[T]o invoke *de novo* review of the magistrate's recommendations . . . [a party's] objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020) (internal quotation marks omitted).

WHEREAS, the Court finds no clear error on the face of the record as to the recommendation to deny the motion to vacate the default judgment and allow Plaintiff to contest the amount of damages sought by Defendant. It is hereby

**ORDERED** that the Report is **ADOPTED** as modified by the March 16, 2022, Order, and Plaintiff's motion to vacate the default judgment is **DENIED**.

Dated: April 6, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE