# FLEISCHMANN PLLC

150 Broadway, Suite 900
New York, New York 10038

JEFFREY FLEISCHMANN

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

---

February 24, 2023

Via ECF:
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Application **DENIED**, without prejudice to renewal. In light of Plaintiff's letter of March 9, 2023, the parties are directed to meet and confer regarding the post-judgment subpoenas and any other outstanding issues. If the parties have issues in need of judicial resolution, they shall file a joint letter on ECF describing any such issues and stating their respective positions on them. So Ordered.
>
> Dated: March 9, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: *Parallax Health Services, Inc. v EMA Financial, LLC*
Case No. 20-cv-02375-LGS-RWL

Dear Judge Schofield:

We represent Defendant EMA Financial, LLC ("EMA") with respect to the above referenced matter. We write pursuant to Individual Rule 2(f), and request that the Court compel Plaintiff Parallax Health Services, Inc. ("Parallax") to respond to post-judgment Subpoenas Duces Tecum and Information Subpoenas.

On July 7, 2022, a judgment was entered against Parallax and in favor of EMA in the sum of (1) damages on the Notes in the amount of $42,275.10 (= $0.00 for First Note + $42,275.10 for Second Note); (2) prejudgment interest at a rate of 24% per annum [on that amount] running from February 28, 2020 to the date of judgment; (3) damages on the Conversion Notices in the amount of $570,874.38 (= $289,916.40 (for First Note Conversion Notice) + $280,957.98 (for Second Note Conversion Notice); (4) interest at a rate of 24% per annum [on that amount] running from March 31, 2020 to the date of judgment; (5) damages with respect to the Warrants in the amount of $175,263.20, ($91,017.55 for the First Warrant + $84,245.65 for the Second Warrant); (6) interest at the rate provided by Nev. Rev. Stat. Ann § 99.040(1) on that amount; (7) $41,692.21 in attorneys' fees and (8) $717.74 in costs.

On December 7, 2022, EMA served post-judgment Subpoenas Duces Tecum and Information Subpoenas on Parallax (the "Subpoenas") by service of process via the Registered Agent, and on December 15, 2022 by service of process via the Secretary of State. A copy of the Subpoenas is annexed hereto as Exhibit A. A copy of the affidavits of service for the Subpoenas is annexed hereto as Exhibit B. Parallax has failed to respond to or comply with the Subpoenas.

1

On January 23, 2023, I emailed Parallax's counsel, Merrill, inquiring as to why we had not received responses to the subpoenas that were served upon Parallax. I also informed her that if she failed to respond I would have no choice but to request the Court's assistance. A copy of the email is annexed as Exhibit C. I have not received any response to this email nor have I received a response to the subpoenas.

Accordingly, Plaintiff is forced to seek the Court's assistance in obtaining compliance with the Subpoenas.

Pursuant to Fed.R.Civ.P. 69, "In the aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2); *see also Libaire v. Kaplan*, 760 F.Supp.2d 288, 293 (E.D.N.Y.2011) ("Federal Rule of Civil Procedure 69 ... permits wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings.") (*quoting Gibbons v. Smith,* No. 01–cv–1224, 2010 WL 582354, at *3 (S.D.N.Y. Feb.11, 2010)). A judgment creditor may rely on federal or state discovery procedures in order to obtain information relevant to the satisfaction of a judgment. *See Universitas Educ., LLC v. Nova Grp., Inc.,* No. 11–cv–1590, 2013 WL 57892, at *6 (S.D.N.Y. Jan.4, 2013) ("Rule 69 expressly authorizes [the judgment creditor] ... to rely on federal discovery procedures, as well as on New York state discovery procedures, including information subpoenas.").

Pursuant to New York law, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena." N.Y. C.P.L.R. § 5223; see also N.Y. C.P.L.R. § 5224(a)(3) (allowing service of information subpoenas); *Vera v. Republic of Cuba*, —— F.Supp.3d ——, 2015 WL 1244050, at *6 (S.D.N.Y. Mar.17, 2015) ("New York law entitles judgment creditors to discover 'all matters relevant to the satisfaction of [a] judgment.' ") (*quoting Republic of Arg. v. NML Capital, Ltd.*, —— U.S. ——, ——, 134 S.Ct. 2250, 2254, 189 L.Ed.2d 234 (2014)). If the recipient of an information subpoena fails to respond within seven days, N.Y. C.P.L.R. § 2308(b)(1) allows a court to order compliance. See N.Y. C.P.L.R. 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance ...."); *see also Giuliano v. N.B. Marble Granite*, No. 11–mc–753, 2014 WL 2805100, at *4 (E.D.N.Y. June 20, 2014) (compelling response to an information subpoena).

Here, as a judgment creditor, Defendant is entitled to seek information relevant to the satisfaction of the Judgment. In its information subpoenas, Defendant demands documents and information including, among other things, identification of Plaintiff's bank accounts, accounting records, assets, and accounts receivable. This information is relevant to satisfaction of the judgment, and is therefore discoverable pursuant to Fed.R.Civ.P. 69. *See Blue v. Cablevision Sys., New York City Corp.*, No. 00–cv–3836, 2007 WL 1989258, at *3 (E.D.N.Y. July 5, 2007) (compelling responses to information subpoena that sought, among other things, information about judgment debtor's assets, real property, bank accounts, and stocks).

Accordingly, we respectfully request that the Court direct Parallax to comply with the Subpoenas served on each of them.

We thank the Court for its consideration.

Respectfully Submitted,

By: /s/ Jeffrey Fleischmann